Filed 11/17/25  P. v. Taylor CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B333535 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA026288) |
| v. | |
| WILLIE DAMONE TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Karla D. Kerlin, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted appellant Willie Damone Taylor of 14 crimes related to burglarizing the homes of four victims and sexually assaulting them. Pursuant to Penal Code section 1172.75,[1] the superior court recalled Taylor's 69-year prison sentence and resentenced him to 68 years by striking the now-invalid prior prison term enhancement under section 667.5, subdivision (b). On appeal, Taylor argues that the superior court abused its discretion by declining to further reduce his sentence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.      Facts[2]

On October 14, 1989, Taylor burglarized the home of Carol C. When Carol C. found Taylor in her home, he threatened to kill her if she did not approach him. He forced her into a bedroom, demanded money, took her personal property, and ransacked the room. Taylor ordered her to lie on the floor on her stomach. After Carol C. complied, Taylor tied her hands behind her back and covered her eyes with a bathrobe sash. Taylor rubbed his penis against her buttocks and told her that he wanted to have sex with her. Carol C. resisted and Taylor kicked her twice in the face and struck her in the head. She bit Taylor's

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      We refer to the factual background from the opinion in *People v. Taylor* (Dec. 9, 1993, B070742) [nonpub. opn.], which affirmed the judgment of conviction.

finger when he tried to gag her mouth. Taylor fell against a table and fled.

On September 16, 1990, Taylor burglarized the home of Dina D. In two separate incidents, he forcibly raped her. On September 26, 1990, Taylor burglarized the home of Tiffany T. and Ellen D. He forcibly raped Tiffany T. four times and sodomized her once. Taylor forcibly raped Ellen D. once. He robbed both.

## II.    Procedure

On December 3, 1990, Taylor was arraigned on a multiple count information filed by the District Attorney, stemming from the three separate incidents involving the four victims between October 1989 and September 1990.

On August 24, 1992, a jury convicted Taylor of three counts of residential burglary (§ 459; counts 13, 20, 23), five counts of forcible rape (§ 261, subd. (a)(2); counts 15, 16, 17, 19, 22), one count of forcible sodomy (§ 286, subd. (c); count 18), three counts of first degree robbery (§ 211; counts 14, 21, 24), one count of assault to commit rape (§ 220; count 25), and one count of attempted forcible rape (§§ 261, subd. (a)(2), 664, subd. (a); count 26).

On September 25, 1992, the trial court sentenced Taylor to 77 years and eight months in state prison. Included in the sentence were two prior serious felony conviction enhancements under section 667, subdivision (a), and one prior prison term enhancement under section 667.5, subdivision (b).

On December 8, 1992, Taylor pleaded no contest to one additional count of residential burglary (§ 459; count 1) and two

3

additional counts of forcible rape (§ 261(a)(2); counts 3, 4).[3] The court sentenced him to an aggregate term of eight years in state prison to be served concurrently with the sentence imposed on September 25, 1992.

On December 9, 1993, the Court of Appeal vacated the original sentence and reduced the prison term to 69 years based on a sentencing error but otherwise affirmed the conviction and sentence. (*People v. Taylor, supra,* B070742.)

## III.    Postconviction hearing on Taylor's petition for resentencing

On May 31, 2023, counsel for Taylor filed a petition to recall his sentence and resentence him under section 1172.75. The District Attorney filed a reply.

On August 25, 2023, the superior court held a resentencing hearing. Taylor's counsel argued that he would not reoffend by committing sex crimes because he was 61 years old and had sciatica and back and knee problems.

The superior court rejected the argument that Taylor's age or infirmity would prevent him from reoffending. The court stated that the convictions were not based on an isolated incident. At the time he was arrested for the current case, Taylor had been released on parole for 21 days for a prior conviction for forcible rape. Taylor had a total of 19 felony convictions. He also had five parole violations.

---

[3]     The record is not clear as to the reason for not including these counts with the other counts prosecuted at the trial. The Abstract of Judgment filed on January 26, 1993, reflects that sentencing on these counts occurred on January 22, 1993.

The superior court described the facts of the current case, which involved 26 felony offenses involving the aggravated sexual assault of four separate victims in their homes.  Taylor had broken into the victims' homes while they were sleeping, tied some of them up, and sexually assaulted them.  He threatened to kill the victims and was violent.  He kicked one victim in the mouth and dragged her by the hair.  He repeatedly raped and sodomized other victims while they were bound.

While incarcerated in state prison, Taylor committed multiple rule violations as recently as 2021 for possession of contraband substances.  The prosecutor noted that Taylor also possessed weapons and controlled substances in prison.

The court concluded that Taylor's pattern of violent behavior, history of noncompliance while supervised, and recent institutional misconduct supported a finding that he posed an unreasonable risk of danger to public safety.  The court found by clear and convincing evidence that imposing a lesser sentence would pose an unreasonable risk to public safety.  The court dismissed the sole prior prison term enhancement, reducing the sentence to 68 years in state prison.  The court declined to otherwise reduce Taylor's sentence.

## DISCUSSION

### I.  Resentencing under section 1172.75

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by limiting the prior prison term enhancement to only terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.)  It invalidated prior prison term enhancements for other offenses.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes by Senate Bill No. 136 retroactive and added former section 1171.1, now section 1172.75, which provided a mechanism for resentencing defendants sentenced on the legally invalid enhancements. (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58, § 12.) Under the resentencing procedure, the Department of Corrections and Rehabilitation would initially identify those people currently serving a term for a judgment that included the invalid enhancement and forward their information to the superior courts. Upon verification of eligibility of relief for those defendants, the superior court recalls their sentences and resentences them. (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

## II. Standard of review

We review the superior court's sentencing decisions for abuse of discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856 (*Garcia*).) We will not set aside the superior court's decision unless it was arbitrary and capricious or falls outside the bounds of reason. (*Id*. at p. 857.)

## III. No abuse of discretion

Taylor argues that the superior court abused its discretion by finding he would endanger public safety and by declining to reduce his sentence by more than dismissing the prior prison term enhancement.[4] Specifically, he faults the court for "denying

---

[4]     Taylor asserts that substantial evidence did not support the superior court's finding by clear and convincing evidence that he would endanger public safety. Section 1172.75, subdivision (d)(1) provides: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds

6

relief based mainly on the judgment of conviction and a prior forcible rape incident while [he] was on parole without full consideration of his rehabilitation efforts while in prison." We disagree.

At the resentencing, the court is required to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have

---

by clear and convincing evidence that imposing a lesser sentence would endanger public safety." A court satisfies this requirement that the resentencing " *'results in a lesser sentence'* " by eliminating the repealed enhancement. (*People v. Bravo* (2025) 107 Cal.App.5th 1144, 1156.) Nothing in the statute requires the superior court to further reduce the sentence in addition to striking the invalid enhancement, even if the court has not found that the defendant posed a risk to public safety.

Here, the superior court resentenced Taylor to a lesser sentence than the one originally imposed by striking the prior prison term enhancement. Because the trial court imposed a lesser sentence—one year less than the sentence originally imposed—it complied with the mandate of subdivision (d)(1). Even though not required, the superior court also found by clear and convincing evidence that further reducing the sentence would endanger public safety. As we discuss, substantial evidence supported the superior court's sentencing decisions.

reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interests of justice." (*Id*., subd. (d)(3).) Section 1172.75, subdivision (d) "vests the superior court with broad discretion based on an inherently factual inquiry" in resentencing a defendant. (*Garcia*, *supra*, 101 Cal.App.5th at pp. 856–857.)

We are satisfied that the superior court fulfilled its statutory obligations under section 1172.75 and that substantial evidence supported its conclusions. The court struck the prior prison term enhancement and reduced the sentence. Beyond that, it meaningfully considered the postconviction factors of section 1172.75, subdivision (d)(3). The court reviewed evidence of Taylor's rehabilitation consisting of his programming efforts in prison[5] and progress toward attaining his GED. But these

---

[5]     From 2017 through 2021, Taylor completed the following programs: Making Strides Against Breast Cancer (a five-kilometer walk raising awareness of disease, honoring those who passed, and celebrating survivors), Human Development Seminar, Criminal & Gang members Anonymous, Offender Responsibility Course, Substance Abuse Course, Employment Course, Theft & Shoplifting Course, and Victim Impact Certificate Completion. Taylor also planned to work as a technician at an internet service firm. In 2023, Taylor apparently also addressed personal issues related to impulsiveness, substance abuse, associate selection, anger management, and domestic relationship.

Taylor faults the superior court for not specifically naming the programs he completed. But it was not necessary for the court to specifically name each program to show that it was considered. The programs were contained in Taylor's petition. The court preserved its consideration of each program on the

positive efforts were undercut by the rule violations in prison including violations in 2021 and 2022 for illegal drug use, which provided a recent demonstration of reoffending even while in a structured environment. The court also noted but was not convinced that Taylor's age, mobility limitations, and chronic pain[6] would render him incapable of reoffending by committing sexually assaultive offenses as he had in the past.

Taylor is a serial sex offender. Understandably, this was the court's "main concern." In the underlying case, Taylor invaded the homes of the four victims and sexually assaulted them. At the time, he had been released from prison for only 21 days and on parole supervision for a separate prior forcible rape conviction. His criminal history amounted to 19 felony convictions including other violent offenses. He also violated parole five times. The remoteness of these offenses and violations was attributable solely to his continuous incarceration. The entirety of the evidence, especially the facts of the underlying offenses and Taylor's prior criminal history, led the superior court to conclude that he continued to pose an unreasonable risk to public safety. None of Taylor's postconviction history sufficiently

---

record when it stated that "all the briefs should be incorporated herein to this argument as well." Further demonstrating its comprehensive approach, the court stated, "I want to look at everything so that I'm thorough in my assessment."

[6] The record did not clarify the inconsistency in Taylor's ability to recently complete a five-kilometer walk for Making Strides Against Breast Cancer with his argument that he is not dangerous because he is immobile.

reduced his risk for future violence.  We conclude that the superior court did not abuse its discretion by declining to reduce Taylor's sentence beyond striking the prior prison term enhancement.

## DISPOSITION

We affirm the August 25, 2023 judgment resentencing Taylor.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:


EDMON, P. J.


EGERTON, J.


10